UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROSEBUD MINING COMPANY, | CASE NO. :5:09CV2632 |
| Plaintiff, | MAGISTRATE JUDGE GEORGE J. LIMBERT |
| v. | |
| JOHN S. LANDIS, et. al., | **MEMORANDUM OPINION & ORDER** |
| Defendants. | |

The above-captioned case is before the Court on Plaintiff Rosebud Mining Company's ("Plaintiff") Motion for Partial Summary Judgment. ECF Dkt. #56. In the instant motion, Plaintiff seeks partial summary judgment on Counts I and II of its First Amended Complaint. ECF Dkt. #37. For the following reasons, the Court GRANTS Plaintiff's motion in part and DENIES it in part with respect to Count I and DENIES Plaintiff's motion with respect to Count II. ECF Dkt. #56.

**I. FACTS AND PROCEDURAL HISTORY**

The Court summarized the facts of this case in an earlier order issued on March 4, 2010. ECF Dkt. #35 at 1-4. The parties are presumed to be familiar with the facts as set forth in the March 4, 2010 order.

On November 9, 2009, Plaintiff filed the instant suit against Bath State Bank, Dean Borntrager, Jonnie Eash, Esther L. Landis, John S. Landis, Sammy Varnum, and Russell Walk. ECF Dkt. #1. On February 9, 2010, Plaintiff filed a Motion to Dismiss Dean Borntrager, Sammy Varnum, Jonnie Eash, and Russell Walk ("Second Mortgagees") as defendants. ECF Dkt. #26. On March 4, 2010, the Court granted Plaintiff's Motion to Dismiss Second Mortgagees as defendants, and, further, the Court sua sponte dismissed Bath State Bank as a defendant. ECF Dkt. #35. On March 8, 2010, Plaintiff filed its First Amended Complaint against Esther L. Landis and John S.

Landis ("Defendants"). ECF Dkt. #37. In Count I of its First Amended Complaint, Plaintiff seeks a declaratory judgment as to the respective rights of Plaintiff and Defendants in the surface estate of the northern-most portion of 8158 Latto Road SE, Uhruchsville, Ohio 44683 (the "Property"). *Id.* at ¶¶ 37, 39. The northern-most portion of the Property consists of 108.088 acres of coal and 103.888 surface acres of land (collectively, the "Coal Severance Property"). *Id.* In Count II of its First Amended Complaint, Plaintiff seeks specific performance of the purchase option contained within the Coal Severance Deed, which purportedly gives Plaintiff the right to purchase "so much of the surface estate of the [Coal Severance Property] as may be necessary for the opening and mining of said coal thereunder...". *Id.* at ¶¶ 41-47. On April 27, 2010, Plaintiff filed the instant motion. ECF Dkt. #56. On June 1, 2010, Defendants filed a Response to Plaintiff's Motion for Partial Summary Judgment ("Defendants' Response"). ECF Dkt. #69. On June 15, 2010, Plaintiff filed a Reply to Defendants' Response. ECF Dkt. #74.

## II.    STANDARD OF REVIEW

The function of summary judgment is to dispose of claims without trial when one party is unable to demonstrate the existence of a factual dispute which, if present, would require resolution by a jury or other trier of fact. *Schultz v. Newsweek, Inc.,* 668 F.2d 911, 918 (6th Cir.1982). Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(C).

The party moving for summary judgment has the burden of showing there exists no genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). This burden can be discharged by showing that the nonmoving party has failed to establish an essential element of his case, for which he bears the ultimate burden of proof at trial. *See e.g., Catrett v. Celotex Corp.,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Morales v. Am. Honda Motor Co., Inc.,* 71 F.3d 531, 535 (6th Cir.1995). The evidence and all the inferences that can reasonably be drawn there from must be read in the light most favorable to the nonmoving party. *Id.*

If the moving party meets his burden, the nonmoving party must take affirmative steps to avoid the entry of a summary judgment. *See* Fed. R. Civ. P. 56(e). To refute such a showing, the nonmoving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material, factual dispute. *Celotex,* 477 U.S. at 322. A mere scintilla of evidence is not enough. *Anderson v. Liberty Lobby,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In ruling on a motion for summary judgment, the court is not obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim. *Interroyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir.1989). Therefore, in determining whether a genuine issue of material fact exists on a particular issue, a court is entitled to rely only upon those portions of the record specifically called to its attention by the parties. *Staats v. United States,* No. C-3-99-174, 2001 WL 1135056, *3 (S.D.Ohio Mar.12, 2001), unreported; *Interroyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir.1989), *cert. denied,* 494 U.S. 1091, 110 S.Ct. 1839, 108 L.Ed.2d 967 (1990).

### III.    LAW & ANALYSIS

In the instant motion, Plaintiff seeks summary judgment on Count I of its First Amended Complaint, seeking: (1) a declaratory judgment that it owns a valid, vested, and enforceable property interest in its option to purchase so much of the surface estate as is required to open a mine on the Coal Severance Property ("option to purchase"); and (2) a declaratory judgment that the Landises are required to convey unencumbered title to Rosebud to such a portion of the surface estate of the Coal Severance Property as Plaintiff finds necessary to purchase pursuant to the option to purchase. ECF Dkt. #56 at 15. Plaintiff also seeks summary judgment on Count II of its First Amended Complaint, which requests an order that compels Defendants to convey to Plaintiff title to the portion of the Coal Severance Property required by Plaintiff to open a mine. *Id.* Plaintiff stipulates that the price per acre of said portion can subsequently be determined by the finder of fact at trial or by the Court pursuant to a subsequent dispositive motion. *Id.* Plaintiff's motion for summary judgment additionally requests that the Court order Defendants to convey title without any encumbrances. *Id.*    In their Response to Plaintiff's motion, Defendants contend that Plaintiff does not own the same property interest as was conveyed by prior owners in 1951, which is when the

purchase option was initially severed from the Property. ECF Dkt. #69. Defendants further contest Plaintiff's ability to force Defendants to extinguish any mortgages on the Property and contend that they cannot be made to convey unencumbered title because Plaintiff's option to purchase violates the Rule Against Perpetuities because it extends to an indefinite amount of land and is exercisable forever. *Id.*

Lastly, Defendants contend that Plaintiff took ownership of the coal rights to the Coal Severance Property "subject to" all other recorded instruments. ECF Dkt. #69 at 1. Defendants' perfunctory argument does not identify what recorded instruments would affect Plaintiff's property interest in its option to purchase. Nevertheless, the Court notes that the deed transferring the Second Mortgagees' interest to Defendants was recorded before Plaintiff obtained its option to purchase. ECF Dkt. #56, Ex. 2; ECF Dkt. #77, Ex. 4. However, the Second Mortgagees could not convey what they did not own. Even if Plaintiff took the option to purchase subject to deeds of record, the Second Mortgagees had no power to convey unencumbered title to Defendants if a valid purchase option had attached prior to the Second Mortgagees' purchase.

### A. WHETHER PLAINTIFF'S OPTION TO PURCHASE IS VALID AND ENFORCEABLE

In determining whether summary judgment is appropriate, the Court first notes that Ohio substantive law governs the analysis in this case because federal courts apply state substantive law when they adjudicate diversity actions. *Miller v. Davis*, 507 F.2d 308, 311 (6th Cir. 1974).

The issue of whether Plaintiff's option to purchase is valid and enforceable requires the Court to determine: (1) whether Plaintiff has shown that it possesses the alleged option to purchase as contained in the Rosebud Deed; and, if so, (2) whether Plaintiff's option to purchase is valid.

#### i. WHETHER PLAINTIFF HAS SHOWN THAT IT POSSESSES THE ALLEGED OPTION TO PURCHASE AS CONTAINED IN THE ROSEBUD DEED

Before considering the validity of the alleged option to purchase, the Court must first determine whether Plaintiff possesses the alleged option to purchase. To show that it owns a purchase option, Plaintiff proffers various deeds tracing the coal mining interests in the Coal Severance Property, including the most recent deed where Holmes Limestone Company conveyed

the fee interest in the number six vein of coal to Plaintiff ("Rosebud Deed"). ECF Dkt. #56 attach 2. In Defendants' Response, they assert that Plaintiff does not own the same interest that prior owners of the Property conveyed through the Coal Severance Deed. ECF Dkt. #69. However, Defendants do not support this assertion with any evidence and instead focus their legal analysis on the merits of conveying marketable title. *Id.*

In determining whether to apply Ohio law or federal law to Plaintiff's claim of possessing the option to purchase, the undersigned must follow the doctrine enunciated by the United States Supreme Court in *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), where the Court held that federal courts must apply state substantive law and federal procedural law when sitting in diversity or in pendent jurisdiction cases.

The first issue in this case is proof of an ownership interest in property. In Ohio, when one party presents evidence sufficient to establish its ownership of a property interest, the opposing party must present evidence to the contrary in order to refute this assertion. *See Thornton v. Salak*, No. 08CA0002, 2008 WL 4881103, at *6 (Ohio App. Ct. Nov. 6, 2008), slip op. In *Thornton*, the Ohio Court of Appeals held that a party's affidavit, verification of ownership, and an abstractor's affidavit regarding ownership of the disputed parcel was sufficient to shift the burden of proof to the opposing party. *See id.* There are, however, other competent forms of evidence capable of establishing ownership of land according to Ohio state law, including: deeds relating to the transfer of property, provisions in a will, surveys, plats, and maps. *Reed v. Fronfield*, No. 15-83-25, 1985 WL 9059, at *3 (Ohio App. Ct. Jan. 14, 1985), unpublished. The Ohio Court of Appeals for the Fifth District held that a deed alone was sufficient evidence to show ownership of property. *See Wetzler v. Eagleson's, Inc.*, No. 01CA14, 2002 WL 552712, at *3 (Ohio App. Ct. Apr. 11, 2002), unpublished. Pure testimonial evidence can even be sufficient to show ownership of a property interest. *City of Warren v. Warner Realty*, No. 98-T-0117, 1999 WL 1073611, at *3 (Ohio App. Ct. Oct. 22, 1999), unpublished, citing *Obenour v. Bower*, No. L-93-319, 1994 WL 455667, at *1-2 (Ohio App. Ct. Aug. 19, 1994), unpublished. While a court *may* look beyond a deed in certain circumstances, this inquiry occurs only when the evidence indicates a need to do so. *State v. Rebman*, No. 94CA005857, 1994 WL 577740, at *3 (Ohio App. Ct. Oct. 19, 1994) (stating that a court may look

beyond a deed to establish ownership in order to prevent fraud), unpublished. There is no such indication in the instant case.

This Court is then faced with the question of determining if Ohio's rules of law pertaining to proof of ownership of a property interest are considered substantive or procedural law for *Erie* doctrine purposes. If presenting a deed to establish ownership of a property interest is considered substantive law, Ohio law applies; however, if that rule is considered procedural, then federal procedural rules apply. *See Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996). In determining whether a rule of law is substantive or procedural, the Supreme Court explained in *Hanna v. Plumer* that:

> 'The question is not whether [an applicable law] is deemed a matter of "procedure" in some sence. The question is * * * does it significantly affect the result of a litigation for a federal court to disregard a law of a State that would be controlling in an action upon the same claim by the same parties in a State court?'

380 U.S. 460, 466, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), quoting *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 109, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). Thus, the proper test to employ is an outcome-determinative test. That is, the Court must consider whether the outcome of the litigation with the rule of law would be substantially the same in federal court as it would be in state court. *Id*. This test must be applied with consideration of the two aims of the *Erie* doctrine: the discouragement of forum shopping and the avoidance of inequitable administration of the law. *Keeton v. Mansfield Obstetrics & Gynecology Assocs., Inc.*, No. C80-1573A, 1981 WL 36207, at *2 (N.D. Ohio Mar. 5, 1981), citing *Hanna*, 380 U.S. at 468.

A law that dictates how to establish ownership of a property interest is outcome determinative and could lead to forum shopping. Furthermore, federal bankruptcy courts also accept deeds as proof of ownership. *In re Kenneth Allen Knight Trust*, No. 96-5353, 1997 WL 415318, at

-6-

\*1 (6th Cir. July 22, 1997), unpublished. Therefore, the Court finds this point of law substantive, and accordingly, will apply Ohio substantive law in adjudicating Plaintiff's claim.

Plaintiff has met its initial burden of establishing ownership of a property interest under Ohio law by proffering the Rosebud Deed, which contains explicit purchase option language. Defendants' empty assertions that Plaintiff's option to purchase is invalid do not overcome Plaintiff's prima facie showing of a property interest. Therefore, the Court finds the Plaintiff possesses the option to purchase as contained in the Rosebud Deed.

### ii. WHETHER OPTION TO PURCHASE, AS CONTAINED IN THE ROSEBUD DEED, IS VALID AND ENFORCEABLE WITH RESPECT TO DEFENDANTS

The option language contained in the Rosebud Deed, states as follows:

> ...the right to purchase so much of the surface of the above described premises as may be necessary for the opening and mining of said coal thereunder and for the building of necessary tracks and switches to reach said coal on said premises or coal on adjoining or distant property owned or controlled by the said Grantees at the price of One Hundred Dollars ($100.00) per acre.

ECF Dkt. #56 attach 2. The Supreme Court of Ohio has held that "A land purchase option which is appurtenant to a mineral estate and is limited to the necessary and reasonable use of the overlying surface estate for the exercise of mining rights, is a vested part of the mineral estate and is not void as a restraint upon alienation, although unlimited in time." *Quarto Mining Co. v. Litman*, 326 N.E.2d 676, 678 (Ohio 1975). In *Quarto*, a dispute existed between the owner of coal and mining rights to that coal and the owners of the surface land overlying that coal. *Id.* In upholding the validity of the land purchase option related to subsurface mineral rights, the Ohio Supreme Court reasoned that:

-7-

> The rationale of those cases is that the use of the surface estate is a necessary incident to the use and enjoyment of an underlying mineral estate, as the courts have long recognized, and that the taking of a part of the surface estate necessary for mining, by means of an option, is a reasonable incident to the mineral estate. Indeed, the requirement that necessary property taken for mining be conveyed and paid for may protect the property owner from uncompensated use of his property. Since mining rights include necessary uses of the surface such as the sinking of shafts, rights of way above and below the surface, use of the land for the housing of miners, and other uses, an option which requires payment for actual use of the surface does not render the surface estate to any greater degree inalienable, where the option is limited to the exercise of those mining rights. The option, in fact, prevents an uncompensated taking for use under an easement.

*Id.* at 682.  The *Quarto* court also contrasted a bare option to purchase land that is unlimited in time with an option that is appurtenant to a mineral estate and limited to the necessary use of the overlying surface estate for the exercise of mining rights.  *Id.* at 683.  That court found the former to be void as an impermissible restraint on alienation in violation of the rule against perpetuities and the latter to be a presently vested part of the mineral estate, one that does not violate the rule against perpetuities and does not act as an unreasonable restraint upon alienation.  *Id.*

Defendants argue that a purchase option that requires the landowner of surface rights to "go into perpetuity" without being able to use said surface rights in the most efficient way, by mortgaging their property, would be a waste of resources.  ECF Dkt. #69 at 4.  This argument lacks merit in light of the holding and reasoning in *Quarto*, summarized immediately above.  Moreover, the *Quarto* court provided an equitable remedy for existing landowners by replacing the fixed purchase option price provided in the deed with the actual value of the property.  *Id.* at 686.  The purpose of this equitable measure is to take into account the changes in the purchasing power of the dollar that have occurred over time and, accordingly, to fairly compensate the seller in such arrangements.  *Id.*

Defendants spend the majority of their Response to the instant motion arguing the issue of whether they should be forced to convey marketable title to Plaintiff pursuant to Plaintiff's purchase option. Although they also raise perfunctory arguments pertaining to the validity of the option, they do not support these arguments. *See* ECF Dkt. #69 at 1.

The Supreme Court of Ohio's discussion in *Quarto* speaks directly to the issues in the instant matter. Accordingly, the Court finds that the option to purchase contained in the Rosebud Deed is valid. For the foregoing reasons, the Court hereby GRANTS Plaintiff's Motion for Partial Summary Judgment with respect to Count I insofar as it requests the Court to declare Plaintiff's option to purchase contained in the Rosebud Deed is a valid, vested, and enforceable property interest.

### B.  WHETHER PLAINTIFF IS ENTITLED TO UNENCUMBERED TITLE

Having determined that Plaintiff has a valid option to purchase, the next issue is the color of title that Defendants must convey. The Court begins its analysis by noting that Plaintiff does not indicate in its First Amended Complaint that it seeks an unencumbered title to the portion of the surface estate of the Coal Severance Property that it would require in order to build a mine on the Coal Severance Property. ECF Dkt. #37. It is true that Plaintiff could further amend its First Amended Complaint making it consistent with the instant motion in this regard, but it has not sought to do so. *See Baker v. Wells*, No. 99-1673, 2000 WL 924554, at *2 (6th Cir. June 28, 2000) (stating that delay itself is not a sufficient reason for denying a motion to amend a complaint where a party sought to add an additional prayer for relief to its complaint), unpublished. If Plaintiff wishes to take the property unencumbered, Plaintiff could seek to amend its complaint and file another motion for summary judgment in the future. However, the Court notes that it has an obligation to ensure

-9-

subject matter jurisdiction, and if Plaintiff alters its prayer for relief by seeking unencumbered title it could affect the subject matter jurisdiction in this case. *Olden v. LaFarge*, 383 F.3d 495, 498 (6th Cir. 2004).

Further, Plaintiff has a pending Federal suit that will resolve any dispute related to the most substantial lien of which the Court is aware — the mortgage held by Bath State Bank.  The Court has already dismissed Bath State Bank and the Second Mortgagees as defendants in this suit due to Plaintiff's failure to plead Bath State Bank's citizenship with sufficient particularity and Plaintiff's failure to state a claim against either Bath State Bank or the Second Mortgagees.  ECF Dkt. #35. Plaintiff has subsequently filed a separate federal action against Bath State Bank, who has entered a subordination agreement with the Second Mortgagees.  *Rosebud Mining Co. v. Bath State Bank*, 5:10-cv-01089-SL (N.D. Ohio, Eastern Division) ("Bath State Bank suit").  In the Bath State Bank suit, Plaintiff and Bath State Bank will litigate the issue of the validity of Bath State Bank's mortgage on the Property.  *Id.*  This pending suit may ultimately affect the market value of the Coal Severance Property because it could determine whether Rosebud Mining Company must purchase their desired portion of the Coal Severance Property free of Bath State Bank's mortgage or subject to it.

Even if, after finding Plaintiff's option to purchase valid, the Court wished to grant Plaintiff's request for specific performance and force Defendants to convey *encumbered* title, it could not do so because: (1) Plaintiff is not entitled to possession of any portion of the Coal Severance Property until it compensates Defendants; and (2) the Court does not know the actual value of the Coal Severance Property or any portion thereof.  *Quarto*, 326 N.E.2d at 686 (as to conditioning the granting of specific performance upon payment of the actual value of the property).  Plaintiff does

not seek summary judgment on the issue of the actual value of the land at issue. Rather, Plaintiff seeks to take the land at a price per acre to be subsequently determined by the finder of fact at trial or by the Court pursuant to a subsequent dispositive motion. ECF Dkt. #56 at 15. In fact, the only evidence of record as to the value of the Coal Severance Property is an appraisal that apparently presumes an unencumbered title because it makes no mention of any liens. ECF Dkt. #56 attach 5. Therefore, the Court could at most order Defendants to convey a portion of the Coal Severance Property subject to existing mortgages. However, the Court cannot order payment without evidence as to the actual value of the encumbered property, and Plaintiff is not entitled to possession until payment of the actual value of the land is made. *See* §III A. ii, *supra*. Therefore, specific performance is inappropriate at this point, and the Court DENIES Plaintiff's Motion for Partial Summary Judgment with respect to Count II. ECF Dkt. #56.

When adjudicating a motion for summary judgment, the Court has an obligation to narrow the issues left for trial to the extent that it is practicable to do so. Fed. R. Civ. P. 56(d)(1). Plaintiff's averment that they need to purchase approximately 33 acres of the Coal Severance Property is supported by the affidavits of its Executive Vice President, James Barker, and its Manager of Engineering, Dennis E. Grelle. ECF Dkt. #56 attachs. 4, 6. These affidavits comport with the language of Plaintiff's option to purchase, and Defendants presents no evidence to contest them. Therefore, the Court finds that Plaintiff needs approximately 33 acres of land to open a mine on the Coal Severance Property as described and depicted in Exhibits 7 and 7a of Plaintiff's motion. ECF Dkt. #56, Ex. 7. There is no need for a trial on this issue.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion for Partial Summary Judgment with respect to Count I insofar as it seeks a declaration from the Court that its option to purchase is valid.  The Court DENIES Plaintiff's motion with respect to Count I insofar as it seeks a declaration that Defendants are required to convey unencumbered title to Plaintiff.  ECF Dkt. #56. Further, the Court DENIES Plaintiff's Motion for Partial Summary Judgment with respect to Count II.  ECF Dkt. #56.

**IT IS SO ORDERED.**

Date:   August 23, 2010                                       */s/ George J. Limbert*
                                                                                  GEORGE J. LIMBERT
                                                                                  UNITED STATES MAGISTRATE JUDGE